UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-62252-BLOOM

THOMAS A. GUERRIERO,

        Petitioner,

v.

DIRECTOR, RESIDENTIAL REENTRY
MANAGEMENT FIELD OFFICE—MIAMI,

        Respondent.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Thomas A. Guerriero's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [1],[1] filed on November 24, 2023.[2] Petitioner challenges the Federal Bureau of Prisons' ("BOP['s]") purported failure to apply his Federal Time Credits to his sentence that he earned under the First Step Act of 2018. *See* ECF No. [1] at 8.[3] Respondent filed a Response, ECF No. [9], with attached Exhibits, ECF Nos. [9-1-9-4], to which Petitioner filed a Reply, ECF No. [10].[4] For the following reasons, the Petition is denied.

---

[1] The Court cites filings in Petitioner's criminal case, 15-cr-60317-BB, using "CR ECF No.[;]" filings in the civil case before the Court are cited using "ECF No."

[2] Under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil,* 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States,* 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[4] In the Reply, Petitioner requests "[a]n Emergency Order[,]" granting his § 2241 petition; the Court construes Petitioner's request as an Emergency Motion. This District's Local Rules outlines strict procedural requirements for the filing of Emergency and Expedited Motions. *See generally* S.D. Fla. L.R.

## I. BACKGROUND

Petitioner is a federal prisoner currently in prerelease custody in Dania Beach, Florida. *See* ECF No. [1] at 1; ECF No. [9] at 2. Petitioner finds himself in federal custody following his guilty plea for conspiring to commit wire and mail fraud, in violation of 18 U.S.C. § 1349. *See* CR ECF No. [154] at 1; CR ECF No. [151]. For his crimes, the Court sentenced Petitioner to a 151-month term of imprisonment, to be followed by three years of supervised release, and ordered him to pay $6,600,000.00 in restitution. *See* CR ECF No. [270] at 2-3. On February 22, 2023, the BOP transferred Petitioner to prerelease custody. *See* BOP Inmate Locator, Register Number 11453-104, available at https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed Jan. 29, 2024); ECF No. [9-1] at 1.

## II. LEGAL STANDARD

Title 28 U.S.C. § 2241 permits district courts to grant habeas relief for petitioners held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A federal prisoner may use § 2241 "to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1093 (11th Cir. 2017) (en banc) (citation omitted).

## III. DISCUSSION

The Petition seeks two closely related forms of relief. First, Petitioner requests that the Court order the BOP to apply his Federal Time Credits to his transfer to supervised release. *See* ECF No. [1] at 16-17. Second, Petitioner asks that the BOP apply any outstanding Federal Time

---

7.1(d). As it relates to the filing of Emergency Motions, the Local Rules specifically states that filers of such motions "must include the words 'Emergency Motion' in the title of the motion and . . . the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." *Id.* at (d)(1). Petitioner fails comply with these requirements and, thus, the request for emergency action is denied. *See generally* ECF No. [10]; S.D. Fla. L.R. 7.1(d)(1); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that a *pro se* party must abide by "the relevant law and rules of court").

Case No. 23-cv-62252-BLOOM

Credits to reduce his term of supervised release following his transfer. *See id.* Both requests are denied.

The Court denies Petitioner's first request for relief because the BOP applied the maximum number of Federal Time Credits to his transfer to supervised release. To date, Petitioner has accrued approximately 1,835 days of Federal Time Credits. *See* ECF No. [9-1] at 1; ECF No. [9-4] at 1. Of those 1,835 days, 365 have been applied to Petitioner's transfer to supervised release. *See* ECF No. [9-2] at 2; ECF No. [9-4] at 1. Under 18 U.S.C. § 3624(g)(3), "the Director of the [BOP] may transfer [a] prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under [18 U.S.C. §] 3632." *Id.* (emphasis added); *accord* 28 C.F.R. § 523.44(d)(3) (stating that a maximum of 12 months of Federal Time Credits may be applied to a prisoner's projected release date); *see Camara v. Neely*, No. 23-cv-00009, 2023 WL 4441996, at *3 n. 4 (N.D. Ala. June 8, 2023) (acknowledging "that [the] BOP could only apply 365 days of [] earned time credit to effect [a prisoner's] early release from custody" (citation omitted)), *report and recommendation adopted*, 2023 WL 4441133 (N.D. Ala. July 10, 2023). Because the BOP has applied 365 days of Federal Time Credits—the maximum number of credits—to his transfer to supervised release, Petitioner's claim for relief is meritless and must be denied.

Petitioner's second request for relief is similarly denied. The Supreme Court has stated that the purpose of 18 U.S.C. § 3624, which governs the terms of a prisoner's release, is "to assist individuals in their transition to community life" and that this purpose would be undermined if prisoners could "offset and reduce [their] terms of supervised release." *United States v. Johnson*, 529 U.S. 53, 59 (2000). The BOP, therefore, cannot apply Petitioner's Federal Time Credits to his term of supervised release; Petitioner's second request for relief is denied.

* * *

In sum, Petitioner has failed to establish an entitlement to habeas relief and his § 2241 petition is denied.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition **[ECF No. 1]** and Petitioner's request for an Emergency Order **[ECF No. 11]** are **DENIED**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 29, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Thomas A. Guerriero, *PRO SE*
RRM Miami
Residential Re-Entry Office
Inmate Mail/Parcels
401 N Miami Avenue
Miami, Florida 33128